UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* TIMOTHY BLAIR,<br><br>Plaintiff,<br><br>v.<br><br>SOURCEAMERICA, INC.,<br><br>Defendant. | Case No.   1:20-cv-01455-JLT-EPG<br><br>ORDER DENYING THE UNITED STATES' REQUEST TO MAINTAIN FILINGS UNDER SEAL, DIRECTING CLERK OF COURT TO UNSEAL THE ENTIRE DOCKET<br><br>(ECF No. 30) |

Timothy Blair Jackson filed this *qui tam* action on October 14, 2020. (ECF No. 1). On June 14, 2023, the United States filed a notice declining to intervene. (ECF No. 30). Within this filing, the United States asks that certain filings be unsealed and that others remain sealed:

> Finally, the Government requests that the relator's Complaint, this Notice, and the attached proposed Order be unsealed. The United States requests that all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended.

(ECF No. 30, p. 2).

Because the United States has provided no developed argument to seal any filing, the Court will unseal the entire docket.

Generally, there is a strong presumption in favor of access to court records, with the "party seeking to seal a judicial record . . . bear[ing] the burden of overcoming this strong

presumption" by offering compelling reasons supported by specific factual findings. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Compelling reasons that outweigh the public's interest can include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. However, an exception applies to the compelling-reasons standard when the court records at issue are attached to non-dispositive motions. *Id.* In such cases, "[a] 'good cause' showing under [Federal Rule of Civil Procedure] 26(c) will suffice." *Id.* at 1180. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result" if the documents are not sealed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (discussing good cause in terms of Rule 26(c)).

When this action was initially filed, the Court permitted the complaint and subsequent filings to be sealed pursuant to 31 U.S.C. § 3730, which provides that complaints in *qui tam* actions shall be sealed for at least sixty days while the United States decides whether to intervene and may remain under seal if the United States is granted extensions to decide whether to intervene. 31 U.S.C. § 3730(b)(2)-(3); (*see* ECF No. 3). However, with the United States declining to intervene, this provision no longer provides a basis to seal filings.

Moreover, while some of the relevant filings discuss the content and extent of the United States' investigation and were provided to the Court for the purpose of evaluating whether the seal and time for making an election to intervene should be extended, this alone does not establish compelling reasons or good cause to maintain these documents under seal. Notably, the records discuss the United States' investigation in such a general matter that it is difficult to see how unsealing such material could result in harm.

Moreover, Timothy Blair is now seeking to dismiss this action, with the United States' consent. (ECF Nos. 31, 32). Because no party is pursuing this case, there is not danger of Defendant learning about any pending investigation into its actions. And, to the extent that the United States is concerned with prospective Defendants in unrelated cases learning about their investigation techniques, it has not cited any specific technique that warrants the filings remaining sealed. Generally, the investigation methods discussed are the types of investigations that occur in most litigation, such as interviewing witnesses and reviewing documents.

Accordingly, IT IS ORDERED as follows:

1. The United States' request to maintain most of the filings of record under seal (ECF No. 30) is denied.
2. The Clerk of Court is directed to unseal the entire docket.
3. The Clerk of Court is respectfully directed to serve a copy of this order by mail on Assistant United States Attorney Emilia Morris (counsel for the United States) and Curtis Isacke (counsel for Timothy Blair).

IT IS SO ORDERED.

Dated:  **June 16, 2023**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE